# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3510 | **DATE** | October 25, 2000 |
| **CASE TITLE** | Cranshire Capital v. Trimfast Group | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____ . |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, plaintiffs' motion for judgment on the pleadings [ Doc. 10-1] and in the alternative, for entry of default judgment [ Doc. 10-2] is DENIED.   Ruling date of November 3, 2000 is stricken. |
| (11) | X | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 6 2000 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| dc(lc) | courtroom deputy's initials | 00 OCT 25 PM 3:44 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

CRANSHIRE CAPITAL, L.P., an Illinois )
Limited Partnership; S. ROBERT )
PRODUCTION, LLC, an Illinois Limited )
Liability Company; and the DOTCOM )
FUND, LLC, a Delaware Limited Liability )
Company, )
)
)
          Plaintiffs, )
) No. 00 C 3510
   v. )
) HONORABLE DAVID H. COAR
TRIMFAST GROUP, INC., a Nevada )
Corporation, )
)
          Defendant. )

DOCKETED
OCT 2 6 2000

## MEMORANDUM OPINION AND ORDER

Cranshire Capital, L.P. ("Cranshire"), S. Robert Productions, LLC ("SRP"), and the Dotcom Fund, LLC ("Dotcom") (collectively, "plaintiffs") filed a breach of contract claim against the defendant Trimfast Group, Inc. ("Trimfast"). Before the court is the plaintiffs' motion for judgement on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or in the alternative, an entry of default pursuant to Rule 55(a). For the reasons discussed below, plaintiffs' motion is denied.

### I. Factual Background

The plaintiffs bring this action under diversity jurisdiction seeking damages for an alleged breach of contract. In its answer to plaintiffs' complaint, Trimfast admitted to the

following allegations. On or about July 16, 1999, Trimfast entered into a Securities Purchase Agreement and Registration Rights Agreement with plaintiffs, pursuant to which plaintiffs provided Trimfast with financing in exchange for shares of Trimfast's Series A preferred stock and warrants to acquire shares of Trimfast's common stock. The Purchase Agreement entitled the plaintiffs to convert their preferred stock into common stock in accordance with the Certificate of Designations.

By its express terms, the Purchase Agreement, the Registration Rights Agreement, and the Certificate of Designations required Trimfast to file a registration statement with the Securities Exchange Commission ("SEC") within 120 days of the issuance of the preferred stock. Liquidated damages provisions in the Purchase Agreement and the Registration Agreement articulated a formula by which Trimfast would be held liable if it breached its obligation to file the required registration statement in a timely manner. Additionally, the Certificate of Designations provided that Trimfast's failure to have the registration statement declared effective by the SEC within 120 days after the issuance of the preferred stock would constitute a "triggering event," enabling each of the plaintiff investors to redeem its preferred stock.

Pursuant to these provisions, Trimfast was required to notify each of the investors within one day following the occurrence of any triggering event. Thereafter, investors were required to submit a written notice of redemption. Following receipt of such notice, Trimfast was required to pay such investor the redemption price, as calculated within the Certificate of Designations, plus interest within five business days.

Trimfast received a letter dated September 10, 1999, from Cranshire inquiring about the status of the required registration statement. On November 15, 1999, Trimfast received another

letter from Cranshire notifying the company that it had breached the Registration Agreement by failing to file the registration statement. The letter also notified Trimfast that the company would be required to pay the plaintiff investors liquidated damages pursuant to the Registration Agreement. By letters dated December 2, 1999, December 15, 1999, January 5, 2000, and February 3, 2000, Cranshire demanded that Trimfast honor its obligations to file the required registration statement with the SEC and compensate the plaintiff investors for the breach in accordance with the liquidated damages provision. By letter dated April 25, 2000, Cranshire notified Trimfast that it had elected to redeem all of its shares of preferred stock. This redemption notice stated that Trimfast's failure to have the required registration statement declared effective by the SEC in a timely manner had resulted in a triggering event under the terms of the Certificate of Designations. On May 1, 2000, an agent of SRP sent a letter to Trimfast stating that the defendant had failed to satisfy its obligation to confirm receipt of Cranshire's redemption notice.

Plaintiff's complaint was filed on June 9, 2000. On June 19, 2000, Trimfast's registered agent was served. Trimfast did not file an answer within 20 days of being served as provided for in Fed. R. Civ. P. 12(a)(1)(A). On July 25, 2000, the plaintiffs moved for a default judgment based on Trimfast's failure to comply with this deadline. On August 1, 2000, the court continued the hearing on the default motion until August 8, 2000, and directed Trimfast to supply an explanation for its belated responsive pleading. See Minute Order of 8/1/00, Doc. 3. On August 8, the court denied plaintiffs' motion contingent on Trimfast's payment of plaintiffs' fee and costs associated with bringing the motion for default. When costs were paid, the court stated, time to answer would be extended. See Minute Order of 8/8/00, Doc. 5. At a scheduling

conference held on August 25, 2000, the court granted Trimfast leave to file an answer to the complaint. See Minute Order 8/25/00, Doc. 9. Trimfast filed its answer on August 31, 2000.

## II. Standard of Review

A party is entitled to judgment on the pleadings when the undisputed facts appearing on the pleading clearly entitle the moving party to judgment as a matter of law. Flora v. Home Federal Savings and Loan Assoc., 685 F.2d 209, 211 (7th Cir. 1982); In re Aargus Polybag, Co., Inc., 172 B.R. 586, 588-89 (Bankr. N.D. Ill. 1994). The court must accept as true all allegations contained in the non-moving party's pleadings and draw all reasonable inferences drawn therefrom in favor of the nonmoving party. Gilman v. Burlington Northern R.R. Co., 878 F.2d 1020, 1022 (7th Cir. 1989); Flora, 685 F.2d at 211. Conversely, all contravening assertions in the moving party's pleadings are taken to be false. Republic Steel Corp. v. Pennsylvania Engineering Corp., 785 F.2d 174, 177 (7th Cir. 1984). Although, for purposes of a motion for judgment on the pleadings, the moving party "concedes the accuracy of the factual allegations in his adversary's pleading, he does not admit other assertions that constitute conclusions of law, legally impossible facts, or matters that would not be admissible in evidence at trial." 5A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1368 (2d Ed. 1990); Hargis Canneries, Inc. v. United States, 60 F. Supp. 729 (W.D. Ark. 1945).

## III. Discussion

A. Motion for Judgment

Under Illinois law, which neither parties disputes is the applicable law in this case, a plaintiff may prevail in a breach of contract claim where: (1) there exists a valid and enforceable contract; (2) the plaintiff has performed under the contract; (3) the defendant breaches the contract; and (4) the plaintiff is injured as a result. Gonzales v. American Express Credit Corp., 733 N.E.2d 345, 351 247, Ill. Dec. 881, 887 (Ill. App. Ct. 2000). Accordingly, plaintiffs' motion for judgment will be granted if the undisputed facts as contained in the pleadings establish the above elements.

As detailed above, Trimfast admits to the bulk of the plaintiffs' allegations. Trimfast's denials, however, albeit limited in number, preclude judgment at this early juncture. First, Trimfast rejects the plaintiffs' contention that the defendant

> breached its contractual obligation to each of the [plaintiff] investors under the [various agreements] by, inter alia, failing to: (i) file the Registration Statement with the SEC; (ii) pay liquidated damages arising from its failure to file the Required Registration Statement; (iii) confirm receipt of the [plaintiff] Investors' Redemption Notices; and (iv) redeem the Investors' Preferred Stock.

Answ. ¶ 31. To the extent that Trimfast contests the assertion of a breach, that is a ultimate legal conclusion that cannot be adjudicated by the parties. As such, the fact of a breach is deemed neither admitted nor denied. To the extent that Trimfast's denial are construed as responsive to the factual incidents identified in the above allegation, such denials present a material question of fact. Rather than the blanket denial set forth in their answer, Trimfast's response could have been more pointed. However, even the generalized statement raises questions of fact that must be resolved by motion pursuant to Fed. R. Civ. P. 56 or at trial; namely, whether Trimfast filed a

registration statement in accordance with its contractual obligation[1], and whether the defendant made payment of the liquidated damages and redeemed plaintiffs' stocks.

Second, Trimfast denies having failed to respond to the correspondences regarding its alleged failure to register the shares, although it admits to receiving the letters. Answ. ¶¶ 24-28. Though not detailed in its responsive pleading, Trimfast contends in its response to the motion for judgment that it advised plaintiffs that it was experiencing difficulty registering the shares because of issues raised by the SEC. It was its understanding, Trimfast asserts, that it was extended additional time to resolve these issues and register the shares. Thus Trimfast's defense seems to be that its contractual obligations were modified by subsequent correspondences. Including an affirmative statement to that end in the responsive pleading would have helped Trimfast's position. The court is mindful, however, that all facts must be viewed in a light favorable to the nonmovant. Accordingly, Trimfast's denial will be deemed sufficient to defeat judgment.

Third, Trimfast denies the plaintiffs' allegation that SRP and the Dotcom Fund notified Trimfast that the plaintiff companies had elected to redeem their preferred stock by letter dated May 25, 2000. Answ. ¶ 29. This denial certainly renders premature a judgment in favor of SRP and the Dotcom Fund. After all, the Certificate of Designations conditioned redemption of the stocks on the submission of a written notice. If SRP and the Dotcom Funds failed to carry forth

---

[1] To the extent that Trimfast refutes that it failed to file a registration statement, this contradicts its earlier admission of paragraph 23 of the complaint, which reads, "[d]espite its obligations under the [various agreements], Trimfast did not and has not filed the Required Registration Statement with the SEC." This apparent contradiction presents an issue to be resolved at summary judgment or at trial.

-6-

these duties as a prerequisite to redemption, their claim could not be sustained. Judgment may not be entered in favor of the SRP and the Dotcom Fund at this early juncture because Trimfast has raised an issue of fact with respect to those plaintiffs' execution of their duty to issue written redemption notices.

Because disputes over material question of fact exist, plaintiffs' motion for judgement on the pleadings is denied.

## B. Motion for Entry of Default

As an alterative to their motion for judgment on the pleadings, the plaintiffs urge the court to enter a default judgment based on Trimfast's alleged delay in submitting its answer to the complaint. The plaintiffs claim that the court granted Trimfast a 21 day extension as of the August 8, 2000 status hearing, thereby giving Trimfast until August 29, 2000 to file its answer. The defendant merely states that the court granted leave to file an answer, but is silent as to what deadline, if any, was imposed by this court. The court's documents, too, do not identify a deadline for the filing. Trimfast filed its answer on August 31, 2000.

Even if the plaintiffs' contentions are true and the defendant's filing was belated, default judgment would not be warranted. Plaintiffs do not claim that they suffered prejudice from the two day delay. Though the court is cognizant of the fact that Trimfast was tardy with its responsive pleading as to require an initial extension, the sanction of fees and costs imposed on the defendant was sufficient. Absent further misconduct from the defendant, entry of default judgment is too severe a sanction and plaintiffs' motion is accordingly denied.

## IV. Conclusion

For the foregoing reasons, plaintiffs' motion for judgment on the pleadings and in the alternative, for entry of default judgment is denied.

Enter:

*David H. Coar*

David H. Coar

United States District Judge

Dated: October 25, 2000